GEORGIANA GREENWELL AND GLEN H. GREENWELL, INDIVIDUALLY AND DBA GREENWELL PARALEGAL CENTER, APPELLANTS, v. THE STATE BAR OF NEVADA, RESPONDENT.

No. 21467

August 14, 1992
836 P.2d 70

*William Curley,* Gillette, Wyoming, for Appellants.

*McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks,* Reno; *Gordon & Silver* and *Douglas A. Emerick,* Reno, for Respondent.

---

[10]The Honorable Lew Carnahan, Judge of the Second Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE THOMAS L. STEFFEN, Justice. Nev. Const. art. 6, § 4.

## OPINION

*Per Curiam:*

Appellants operate a business that initially provided typing services to attorneys. As the business evolved, appellants began providing services directly to private individuals. Some eight years after the commencement of this business, the State Bar of Nevada sought injunctive relief against appellants, alleging the unauthorized practice of law.

The district court found for the State Bar and issued a very specific injunction prohibiting appellants from engaging in certain conduct. The injunction included specific provisions with regard to appellants' use of advertising.

Appellants contend that the services they provided fit within the "public necessity" exception enunciated by this court in Pioneer Title v. State Bar, 74 Nev. 186, 326 P.2d 408 (1958). Although this argument may have merit, it is impossible to resolve because the record on appeal does not include transcripts of the proceedings in the district court. This court is unwilling to reverse the order of the district court based upon what would presumably be found in the missing transcripts.

Appellants assert that because the injunction forbids them from providing any assistance other than verbatim typing services, "indigent, lower and middle class persons, the mentally ill, the developmentally disabled, the self-reliant pro se person and other litigants who can not afford or can not obtain the services of an attorney are required to ellect [sic] between obtaining legal services from an attorney or foregoing any legal services in connection with their action alltogether [sic]." Appellants further assert that pro bono programs and indigent legal services are unavailable for these people seeking assistance with divorce proceedings.

Although appellants' factual assertions are a basis for concern, they are made with no reference to the record. Furthermore, because appellants failed to have the transcript of the court proceedings below made part of the record on appeal, the record clearly does not support a finding that the services provided by appellants are so necessary that they should not be prohibited as unauthorized practice of law.[1]

This court did recognize in *Pioneer* that some simple legal services may be so necessary that they could be properly provided by non-attorneys if they would otherwise be unavailable. Although Nevada may in fact have a very serious problem with respect to the provision of certain legal services to low-income Nevadans, the evidence, as presented in the instant case, does not warrant a finding of practical necessity which would justify the actions of appellants.

Based upon the serious issues raised by this appeal, we have ordered the State Bar of Nevada to investigate the alleged unavailability of legal services for low and middle-income Nevadans.[2] The State Bar has been specifically instructed to consider the opinions of the directors of the various legal services agencies of the state as well as the directors of the various pro bono programs. The Bar has also been instructed to formulate rules concerning such conditions, if any, that would allow non-lawyers to provide specific simple legal services. The permitted services are to be specifically defined by the rules, and the activities of

---

[1]Some evidence supporting appellants' position is found in the record on appeal. For instance, an affidavit of Wayne Pressel, director of Nevada Legal Services, which provides free civil legal service to indigents in every county in Nevada except Washoe, is found in the record. In his affidavit, Mr. Pressel asserts that Nevada Legal Services does not handle divorces or bankruptcies and that legal services in Nevada are "wholly inadequate to address the needs of low-income Nevadans." The record also includes the affidavit of Kevin R. Christensen, deputy director of the State of Nevada Office of Protection and Advocacy, an office charged with the responsibility of providing advocacy services to mentally ill and developmentally disabled persons in the State. In his affidavit, Mr. Christensen asserts that the majority of his agency's clients are unable to afford the services of an attorney to assist them in many legal areas, including domestic relations. Mr. Christensen also details specific instances in which his office has had difficulty in securing low cost or donated legal services for its clients. While these affidavits and the assertions of the appellants indicate a distressing problem, they are not, alone, sufficient evidence upon which to base a finding of public necessity.

[2]Based upon appellants' allegations, we include reference to both low and middle-income groups. We note, however, that because the relief sought by appellants entails extending the privilege to engage in what otherwise would be the unauthorized practice of law, we are concerned about the income categories that would qualify for services provided by the paralegal organizations.

605

non-lawyers are not to exceed the specific definitions. Further, the State Bar has been given authority to train and certify non-lawyers who wish to provide simple legal services. The Bar has been asked for suggestions as to how the training and certification of these "paralegals" is to be organized and administered.

Although appellants raise serious issues that deserve attention, the record on appeal is simply insufficient to justify reversal of the district court's order. Accordingly, we affirm the order of the district court.